## HAWKINS v. THE STATE.

HILL, J.   1. There was ample evidence to authorize the verdict of guilty.

2. The motion for new trial complains that the court failed to charge the law of voluntary manslaughter, mutual combat, and self-defense. No appropriate request in writing was made, and there was no basis for such charge except in the statement of the accused. This court has repeatedly ruled that the trial judge is not bound to give in his charge to the jury the law relating to a given question which is not raised by the evidence, but only by the statement of the accused, even though it be pertinent, unless an appropriate request therefor is submitted in writing. *Carroll* v. *State*, 99 *Ga.* 36 (25 S. E. 680); *Hardin* v. *State*, 107 *Ga.* 718 (3), 721 (33 S. E. 700); *Robinson* v. *State*, 114 *Ga.* 56 (39 S. E. 862). Besides, the court charged the jury fully the law of self-defense as relating to the fears of a reasonable man.

3. In order to admit dying declarations for the consideration of the jury, it is necessary to make out a prima facie case showing that the deceased was in articulo mortis and conscious of his condition. When this is done the declarations should be admitted; and whether the person making them was in articulo mortis and was conscious of his condition are questions of fact for the jury to determine, under proper instructions from the court. *Findley* v. *State*, 125 *Ga.* 579 (54 S. E. 106). See also *Anderson* v. *State*, 122 *Ga.* 161 (50 S. E. 46); *Gibbons* v. *State*, 137 *Ga.* 786, 789 (74 S. E. 549); *Perdue* v. *State*, 135 *Ga.* 277 (8), 278 (69 S. E. 184); *Lyens* v. *State*, 133 *Ga.* 587 (3), 596 (66 S. E. 792). Accordingly, where a witness for the State testified that the deceased, after being shot, and a short while before he died, "asked me to feel his pulse, and said: 'Mr. Gene, tell me the truth.' He had been saying he was shot mighty bad; and I said 'Well, Pig [the deceased], may be you are not shot as bad as you think you are; the doctor is coming.' And he said 'No, I am shot in a bad place.' And then he had me to feel his pulse, and held out his hand. He said 'Tell me honest, Mr. Gene,' how his pulse was. I said 'Well, they are about normal—may be you are not shot as bad as you think.' He said 'No, sir, they are not all right, they are weak;' and he said 'I am bleeding inside.' He told them good bye once or twice. He thought he was going to die, I guess. He died that night sometime; about three o'clock next morning," and upon this showing the court allowed the witness, over objection of defendant's counsel, to testify as to what the deceased said to the witness as to the circumstances under which the defendant shot deceased, this made out such a prima facie case as to authorize the testimony to be submitted to the jury, under proper instructions from the court as to whether the declarations were made in the article of death and whether the deceased was at the time conscious of his condition.

4. In admitting dying declarations of the deceased for the consideration of the jury, laudatory remarks by the deceased of himself, such as, "You know I always do what the white folks told me," should not be admitted; but under the facts of this case the admission of this language is not of sufficient materiality to be cause for a new trial. Dying declarations should be limited to the cause of the death of the declarant, and the person who killed him. Penal Code (1910), § 1026.

5. Where on the trial of one charged with murder it appears that the character of the deceased for peaceableness had not been put in issue, it was not error for the court to sustain an objection to the following question propounded to a witness for the State by counsel for the accused on cross-examination: "Did you ever hear of his [deceased] being in acts of violence or crime?" and "Do you know of his killing a negro down the branch?" *Powell* v. *State,* 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277); *Doyal* v. *State,* 70 *Ga.* 134 (5); *Thornton* v. *State,* 107 *Ga.* 683 (33 S. E. 673).

6. On the trial of one charged with murder, while the court was charging the contentions of the State to the jury, it was not error that he instructed them in the following language (for the alleged reason that it was the expression of an opinion on the part of the court): "The State contends that the defendant, in the county of Jasper, State of Georgia, on May 14th, 1913, did with a certain pistol inflict a mortal wound upon the person of Pig Watson, and the State contends this wound was inflicted by the defendant upon the person named in the indictment with malice aforethought, either express or implied, and under the law and facts of this case the defendant would be guilty of the offense of murder as charged in the bill of indictment." *Washington* v. *State,* 137 *Ga.* 218 (73 S. E. 512).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
                    JANUARY 13, 1914.

Indictment for murder. Before Judge James B. Park. Jasper superior court. October 30, 1913.

*A. S. Thurman* and *W. S. Florence,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *J. E. Pottle, solicitor-general,* contra.