## 7695.  CHILDS *v.* THE STATE.

1. In a prosecution for homicide, declarations of the person killed, as to the cause of his death and the person causing it, made in the article of death, when conscious of his condition and that death was impending, are admissible in evidence; and slight preliminary proof is sufficient to render them admissible.

2. The trial judge did not err in his charge to the jury upon the subject of dying declarations.

3. The alleged newly discovered evidence in this case, being entirely cumulative and impeaching in its nature, is insufficient to require a reversal of the judgment refusing a new trial.

4. The court did not err in instructing the jury on the law of voluntary manslaughter.

5. The record contains an affidavit of original counsel, not alleging that he was leading counsel in the case, but stating that he had a leave of absence from the trial judge, covering the term of court at which the accused was convicted, and was absent when the case was called and tried. The accused had other counsel to represent him on the trial, and no motion for a continuance was made on the ground that leading counsel was absent. The affidavit is insufficient to require a new trial.

DECIDED NOVEMBER 16, 1916.

Conviction of manslaughter; from Mitchell superior court—Judge Thomas. March 11, 1916.

*Peacock & Gardner, W. H. Haggard, R. H. Ferrell, R. J. Bacon,* for plaintiff in error.

*R. C. Bell,* solicitor-general, *F. A. Hooper, J. J. Hill,* contra.

HODGES, J. Taffy Childs, being placed on trial for murder, was found guilty of voluntary manslaughter. His motion for new trial being overruled, he excepted. The trial judge admitted in evidence certain statements of the deceased, as dying declarations, over the objection that at the time they were made it did not appear that the deceased knew he was going to die. It appeared that the declarations were made about two days before his death, and the attending physician testified that "he (the deceased) could only live less than a week. It was about twenty-four hours since I had last seen him when I heard of his death. I had told him that he could not live. He did not make any statement to me."

1. "Dying declarations, made by any person in the article of death, who is conscious of his condition, as to the cause of his death and the person who killed him, are admissible in evidence in a prosecution for the homicide." Park's Ann. Penal Code, § 1026. "While dying declarations should be received with caution, slight preliminary proof will justify the judge in prima facie admitting them, for final submission to the jury." *Moody v. State*, 1 *Ga. App.* 773 (6). In this case it appears, from the evidence, that although the deceased lived some time after he received his mortal wound, he was in articulo mortis and conscious of his condition at the time of making the declarations; and the court did not err in admitting them.

2. Exceptions are taken to the following instruction to the jury: "The court instructs you, with respect to what are claimed to be dying declarations in this case, that in order to make such evidence at all for your consideration, you must be satisfied beyond a reasonable doubt that the declaration, if any, was made while the person making it was in a dying condition, and that he knew at the time that the declaration was made (if you find that it was made) that he was in such condition; and if one of these conditions did not exist, the alleged declarations would not be testimony to be considered by you at all, but if both existed, they become what the law terms dying declarations; and if made under such conditions, they are to be considered by you with all the other testimony in the case, in passing upon the guilt or innocence of the defendant." The exceptions to this instruction are without merit. The evidence clearly shows that the deceased was in the

article of death and was conscious of his condition when the declarations were made.

3. The alleged newly discovered testimony is merely cumulative and impeaching in character, and the trial judge did not err in refusing to grant a new trial upon such evidence.

4. The law required the trial judge, under the evidence in this case, to instruct the jury upon the law of voluntary manslaughter.

5. By the terms of the Civil Code, § 5718 (Penal Code, § 990), "The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for a continuance: Provided, the party making the application will swear that he can not go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only." There was no attempt to comply with the provisions of this section; and the affidavit of the defendant's "original" counsel, filed after his conviction, does not authorize this court to set aside the verdict.

6. The verdict is supported by the evidence, and the court did not err in refusing to grant a new trial.     *Judgment affirmed.*