### YOUNG v. THE STATE.

FISH, C. J. 1. On the trial of one indicted for murder, a physician testified that he saw the person killed within an hour after he was wounded, that he had been shot three times with a pistol, twice in the abdomen, and once through the thigh, and "was in a very serious condition at the time, in a state of extreme shock, very bad circulation, and clammy and cold. I considered that he was in a dying condition. I so stated to him that he was in a dying condition, and asked him if he realized it, and he said he did. . . I saw him about 10 o'clock that night, and he died about 6, I think, the next afternoon from these wounds. . . I didn't state he was dying. I asked him if he realized he was in a dying condition, and he said he did. He never said anything about hoping to get well." Another witness testified that he saw the decedent before the physician arrived; decedent "was mighty bloody and was talking and groaning like he was in a lot of misery. . . I didn't have to ask him how bad he was hurt; looked like he was hurt bad. He said he was shot and shot bad," and said, "I don't believe I will get over it." This witness was afterwards present when the conversation

2

between the physician and the decedent above noted occurred, and testified that the physician said, "Mr. Baughcum [the decedent], you realize that you are shot and shot pretty bad, and you are likely to die. . . If you have anything to say, you better say it." Another witness testified that he was present during the conversation between the physician and the decedent, and that the latter told the physician "that he realized he was in a dying condition." *Held,* that such testimony constituted a sufficient foundation for the admission, as prima facie dying declarations, of statements made by the decedent, at the time indicated, "as to the cause of his death and the person who killed him." Penal Code, § 1026; *Harper* v. *State,* 129 *Ga.* 770 (3) (59 S. E. 792); *Hawkins* v. *State,* 141 *Ga.* 212 (3) (80 S. E. 711).

2. One ground of the motion for a new trial was, that, as the defense of the accused was that he shot the decedent on account of his attempted illicit relations with the wife of the accused (the daughter of the decedent), the court erred in refusing to permit a witness to testify in behalf of the accused to the effect that the decedent, in June next prior to August when he was killed, "admitted" to the witness that he, the decedent, "had illicit relations" with the witness's wife, another daughter of the decedent, and stated to the witness that "he [the decedent] would kill the man who caught up with him," and that the witness "told [the accused] about this conversation." This testimony was properly rejected as irrelevant. Penal Code (1910), § 1019; *Cawthon* v. *State,* 119 *Ga.* 395 (5) (46 S. E. 897); *Alsobrook* v. *State,* 126 *Ga.* 100 (3) (54 S. E. 805).

3. The court instructed the jury: "I charge you further that if there was a statement made by the deceased after he was wounded and before he died, and at a time when he was conscious of his approaching end—his approaching death—as to the cause of his death, and the person who killed him, you may consider such statement along with the other testimony in the case in ascertaining what the truth of the transaction is." The criticism on this charge is to the effect that it fails to state that the decedent must be in the article of death in order to render a statement of his a dying declaration. The instruction is not fairly subject to the criticism made. Moreover, the charge on the subject of dying declarations, of which the excerpt above quoted was taken, was full and clear, and gave the accused no just cause for complaint.

4. The evidence authorized the verdict, and the refusal of a new trial was not error.      *Judgment affirmed. All the Justices concur.*

No. 1199. March 13, 1919.

Indictment for murder. Before Judge Cobb. Walton superior court. October 9, 1918.

*Rogers & Knox,* for plaintiff in error.

*Clifford Walker, attorney-general, W. O. Dean, solicitor-general,* and *M. C. Bennet,* contra.