13761. HARVEY *et al. v.* THE STATE.

LUKE, J.  1. The verdict in this case is sustained by the evidence, and the general grounds of the motion for a new trial are without merit.

2. There is no substantial merit in the first special ground of the motion for a new trial.

3. A ground of a motion for a new trial alleging error in admitting evidence " as to what " a witness told another person, but not setting it out, either literally or in substance, presents no question upon which this court can pass. Under this ruling the 2d special ground of the motion for a new trial cannot be considered.

4. The ground complaining that the court allowed a witness to testify " as who Will Jones [in his dying declarations] said shot him " is incomplete in failing to set out the evidence objected to.

(a) Furthermore, this testimony related to dying declarations in which the deceased stated that he believed a certain one of the three defendants on trial shot him, and in which he said to another witness, " To the best of my judgment I taken it to be Henry Lewis Fulford [one of the defendants] that shot me." See, in this connection, *Mathews* v. *Richards,* 19 *Ga. App.* 489 (4) (91 S. E. 914). Besides, it was shown that there was a conspiracy between the three defendants on trial to attack the deceased, and there was evidence, outside of the declarations, showing that the defendant in question was at the house of the deceased just prior to the killing. Also, the judge fully charged as to dying declarations, and in his charge said, " It is the duty of the jury to consider whether the decedent stated a mere conclusion of his own mind, or the facts of the case."

5. Where a pistol bullet struck a person in the side, at night, penetrating the chest walls and the lung, and he made declarations between 2 and 3 o'clock the next morning, and he was shot later that day through the walls of the chest and the lungs, and in several other places, not vital, and died in the evening of the same day, and a doctor testified substantially that he could not say which of the two wounds penetrating the

chest caused the death, but that he thought either of them was sufficient to do so, and the deceased, as a part of his declarations, told his wife that he was going to die, the declarations were not improperly admitted as dying declarations, over the objection that they were not shown to have been " the conscious utterances of deceased made under the apprehension and immediate prospect of death while in articulo mortis." *Hawkins* v. *State*, 141 *Ga.* 212 (3) (80 S. E. 711); *Childs* v. *State*, 18 *Ga. App.* 782 (1) (90 S. E. 723). This ruling disposes of ground 5.

6. The evidence authorized the charge upon conspiracy.

7. The evidence laying the foundation for the dying declarations proved by the testimony of Gene Williams being practically the same as that set out above, in paragraph 5, the foundation for the introduction of the dying declarations was ample.

8. Where the jury presented the following verdict, " We, the jury, find the defendants guilty of shooting at another, and recommend that they be punished as a misdemeanor," it was not error for the judge to tell the jury that they should also fix a minimum and maximum penalty for shooting at another, and then to receive the verdict returned in compliance with this instruction.

9. Having already charged the jury that their recommendation of a misdemeanor punishment was subject to the approval of the court, the failure of the judge to reinstruct them to this effect, after he had told them to amend their verdict by inserting the indeterminate sentence, was not error.

10. It was not error for the court to disregard the misdemeanor recommendation and impose felony sentences upon the defendants.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 13, 1922.

Indictment for murder; from Schley superior court — Judge Littlejohn. May 26, 1922.

From the evidence it appears that the defendants went to the home of Will Jones, a negro, about midnight, on account of remarks which it was said he had made as to another negro's invitation to a female member of the family of one of them to ride with him. Jones was called out of the house by members of the party and a number of shots were fired, one of which went through his side; and he shot two of the party. His wife testified that he did not shoot until after other shots had been fired. Several hours later he was again shot, but it does not appear that any of the defendants shot him at that time. He died about 5 o'clock in the evening of the same day. Under an indictment charging murder and assault with intent to murder, the defendants were found guilty of the offense of shooting at another, and the jury recommended that they be punished for a misdemeanor.

*J. H. Cheney, E. J. Hart, Zach. Childers,* for plaintiff in error.
*Jule Felton, solicitor-general,* contra.