### 18385. CHAPMAN *v.* GILMORE.

BELL, J. 1. In a suit by a widow against an individual for the felonious killing of her husband, where the plaintiff, while on the witness stand as a witness in her own behalf, testified on cross-examination that she had no knowledge of the general character of the deceased for violence, she could not be impeached for this statement by proof of specific acts of violence on the part of the deceased within her knowledge. Since specific instances of violence could not be proved to establish general character, they would not be admissible to show knowledge of such character. In this case the proffered evidence would not have been inconsistent with the testimony of the plaintiff and would have had no probative value as impeaching her. The court, therefore, did not err in excluding it. *Hawkins* v. *State*, 141 *Ga.* 212 (5) (80 S. E. 711); *Powell* v. *State*, 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277); *Warrick* v. *State*, 125 *Ga.* 133 (6) (53 S. E. 1027); *Fountain* v. *State*, 23 *Ga. App.* 113 (2) (98 S. E. 178).

2. The defendant offered to prove as a part of the res gestæ the following statement, made under the following circumstances: The killing occurred on a public road at night. The decedent's brother, the only person near to the occurrence, was standing about 30 yards away. After the defendant had fired several shots into the body of the decedent and the decedent had fallen to the ground, apparently dead, the defendant left the scene and walked in the direction of his home, meeting the decedent's brother, who was approaching him. The defendant then, between a half minute and a minute from the shooting, said, "Jim, I reckon I have killed Bud. I had to do it." It can not be said that the court erred in rejecting evidence of this statement. Trial courts have some latitude or discretion in passing upon the admissibility of evidence offered as part of the res gestæ, and the declaration having been made in a matter of great importance to the defendant, under circumstances tending naturally to induce swiftness of mental action, and having been exculpatory in character, the court was authorized to adjudge that it was not free from all suspicion of device or afterthought. See, in this connection, *Futch* v. *State*, 90 *Ga.* 472 (4) (16 S. E. 102); *Sullivan* v. *State*, 101 *Ga.* 800 (3) (29 S. E. 16); *Thornton* v. *State*, 107 *Ga.* 683 (33 S. E. 673); *W. & A. Railroad* v. *Beason*, 112 *Ga.* 553 (2) (37 S. E. 863); *Warrick* v. *State*, supra; *Lyles* v. *State*, 130 *Ga.* 294 (3) (60 S. E. 578); *Hunter* v. *State*, 147 *Ga.* 823 (2) (95 S. E. 668); *Carswell* v. *State*, 10 *Ga. App.* 30 (72 S. E. 602). This ruling is deemed not to be in conflict with the rulings in any of the following cases: *Mitchum* v. *State*, 11 *Ga.* 621; *Hart* v. *Powell*, 18 *Ga.* 639; *Thomas* v. *State*, 27 *Ga.* 287 (9), 290, 296; *Cox* v. *State*, 32 *Ga.* 515, 521; *Herrington* v. *State*, 130 *Ga.* 307 (60 S. E. 572); *Cason* v. *State*, 134 *Ga.* 786 (5) (68 S. E. 554); *Darby* v. *State*, 9 *Ga. App.* 700 (2) (72 S. E. 182). Each of these cases may be distinguished from the present case either because of dissimilarity in the surrounding circumstances or a difference in the nature and effect of the statement itself.

3. The evidence authorized the verdict in favor of the plaintiff. There was no error in refusing the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 16, 1928.

*Willingham, Wright & Covington,* for plaintiff in error.
*Porter & Mebane, J. F. Kelly,* contra.