26287. PETERS *v.* THE STATE.

DECIDED JUNE 16, 1937.

*Roberts & Roberts,* for plaintiff in error.
*C. S. Baldwin Jr., solicitor-general,* contra.

GUERRY, J. The defendant was convicted of using obscene, vulgar, and profane language in the presence of a female. He excepted to the overruling of his motion for new trial.

1. Under the Code, § 26-6303, "any person who shall, without provocation, . . use obscene and vulgar or profane language in the presence of a female . . shall be guilty of a misdemeanor." The use of the words "God-damned" in the presence of a female is punishable under this section. *Foster* v. *State,* 99 *Ga.* 56 (2) (25 S. E. 613).

2. It has been repeatedly held that on the trial of an indictment under this section it is not necessary that the exact words charged in the indictment be proved. "If some of the words be proved as laid, and the words so proved amount to an indictable offense, it will be sufficient." *Sherrer* v. *State,* 17 *Ga. App.* 335 (86 S. E. 735). Consequently it was not error, where the defendant was charged with having said: "God damn all white people ought to be killed," and "Damn you and your wife and children too," for the judge to allow proof that on the occasion referred to in the indictment the defendant said "You are a God-damned lie." Nor was this evidence inadmissible because it also disclosed that at the same time and on the same occasion the defendant used the language set out in the indictment. Among other reasons, it was admissible as part of the res gestæ.

3. On the trial the prosecutor was the first witness for the State, and testified to the circumstances under which the defendant used the language set out in the indictment in the presence of his wife. In one of the grounds of the motion for new trial counsel for the plaintiff in error complains that the court erred in refusing to allow the prosecutor to answer the following question on cross-examination: "Haven't you ever had any trouble before, scraps, fights, and that sort of thing?" *Held:* (*a*) Proof of a witness's character for violence is not a proper method of impeachment. Code, § 38-1804; *Hawkins* v. *State*, 141 *Ga.* 212 (5) (80 S. E. 711). (*b*) Moreover, even if proof of a witness's character for violence was a proper method of impeachment, the fact that he had "had trouble before, scraps, fights, and that sort of thing," would not illustrate his character for violence.

4. In another ground it is complained that the court erred in refusing to allow counsel for the defendant to propound the following question to the prosecutor on cross-examination: "Didn't you chase Anderson around with a shotgun and prosecute him?" Counsel for the plaintiff in error contend that this was a proper question to lay the foundation for impeachment of the witness. We have already ruled in the third division of this opinion that proof of a witness's character for violence is not a proper method of impeachment. Even so, it has been held many times that proof of specific acts does not illustrate one's character for violence. *Andrews* v. *State*, 118 *Ga.* 1 (2) (43 S. E. 852); *Warrick* v. *State*, 125 *Ga.* 133 (6) (53 S. E. 1027). None of this evidence was rendered admissible because the prosecutor had previously testified on cross-examination, presumably in response to a question by counsel for plaintiff in error, that his character for violence was good. There can be no equation of errors in the trial of a case.

5. The evidence supported the verdict, and no error of law appears. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*