THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DONALD A. J. RAY, Defendant.

Supreme Court, Cattaraugus County, December 18, 1939.

*A. Edward Krïeger, District Attorney,* for the plaintiff.

*Henry P. Nevins* and *John H. Ryan,* for the defendant.

HINKLEY, J. The question here involved is whether the court will follow the recommendation of the jury and impose upon defendant a sentence for the term of his natural life or sentence him to death. The jury has found the defendant guilty of murder, first degree, and as a part of its verdict has recommended that he be imprisoned for the term of his natural life.

The determination of the question turns upon the meaning of the word " may " as contained in the last sentence of section 1045-a of the Penal Law which reads as follows:

" § 1045-a. Life imprisonment for felony murder; Jury may recommend. A jury finding a person guilty of murder in the first degree, as defined by subdivision two of section ten hundred forty-four, may, as a part of its verdict, recommend that the defendant be imprisoned for the term of his natural life. Upon such recommendation, the court may sentence the defendant to imprisonment for the term of his natural life."

The practice of permitting a jury to recommend defendant to the mercy of the court is of great antiquity. (3 R. C. L. [Perm. Supp.] p. 2232, § 270-a.) Strange as it may seem, the State of Georgia suggests that cases founded upon circumstantial evidence are

weaker than those based on direct evidence for it still gives to juries and courts the right to recommend and sentence persons to life imprisonment in the former instance. (Georgia Code Ann. [Park et al. 1936] tit. 26–10, § 26–1005.) In other States only the layman considers circumstantial evidence weak and in New York it is indicated that circumstantial evidence is, if anything, more cogent than direct. (*People* v. *Harris*, 136 N. Y. 423, 446 [1893].) The making or withholding a recommendation for clemency is entirely within the discretion of the jury. (2 Michie on Homicide, § 311, p. 1737.) Whether or not a recommendation of leniency shall be made on finding an accused guilty of murder in the first degree is exclusively in the discretion of the jury. (*State* v. *Ellis*, 98 Ohio St. 21; 120 N. E. 218.) The jury's discretion to recommend leniency in cases of conviction of murder, first degree, confers an absolute discretion which should not be influenced by the court but such discretion should be exercised in view of all the facts and circumstances disclosed by the evidence. (*Howell* v. *State*, 102 Ohio St. 411; 131 N. E. 706; *State* v. *Caldwell*, 135 Ohio St. 424; 21 N. E. [2d] 343; *State* v. *Thorne*, 39 Utah, 208; 117 P. 58; *State* v. *Romeo*, 42 Utah, 46, 67; 128 P. 530.)

Such an instruction (right to recommend life imprisonment) when given by the court should leave the jury free to make or withhold a recommendation without any limitation of or interference with their power and discretion. (16 C. J. § 2459, p. 1027.) The jury's recommendation for leniency, though entitled to great consideration, is not binding on the court. (*State* v. *Farnsworth*, 51 Ida. 768; 10 P. [2d] 295; 16 C. J. § 2601, p. 1110; *State* v. *Lindberg*, 125 Wash. 51; 215 P. 41.) The court will take judicial notice of the fact that although a jury's recommendation for leniency or mercy is not binding on the court, yet for years the practice has been nearly universal to follow such recommendation. When the right of recommendation by a jury is absolute, the court does not follow an erroneous recommendation. (*Harvey* v. *State*, 29 Ga. App. 300; 115 S. E. 31.) Courts have at times treated a jury's recommendation for leniency as surplusage. To avoid that the Legislature has provided in section 1045-a of the Penal Law that the recommendation is a part of the verdict.

Thus we find that a jury's recommendation for leniency is both an ancient and modern practice. It is absolute and must be free and uninfluenced except by the facts and circumstances; it is a part of the jury's deliberative verdict; without it the court has no discretion; it is not binding upon the court but is almost universally followed and it may be disregarded by the court if improper. The fact that the court cannot properly direct or control the absolute

right of the jury to recommend life imprisonment and that its recommendation is a part of its deliberative verdict gives to such recommendation more the nature of a command than a request. The primary obligation rests upon the jury because without its definite, unanimous finding the court could not sentence the defendant to life imprisonment. It follows that the court is not required to give its reasons for following such finding. The court should follow the recommendation in every instance save where the recommendation is improper, unduly influenced or without any basis in fact or circumstance. Viewed in that light, the court in the instant case has followed the recommendation of the jury and sentenced the defendant to imprisonment for the term of his natural life.

Section 1045-a of the Penal Law is of recent enactment and apparently has not yet been construed by an appellate court. Naturally, it will not be presented upon appeal until in some instance the trial court rejects the recommendation of the jury and imposes a death sentence. No trial judge would be anxious to be the one who alone deprived a human being of his existence. Rather would he prefer to follow the humane finding of the jury in a proper case. In the case at bar the court could blindly follow the language of the court in *People* v. *De Renna* (166 Misc. 582) that " may " means " must." The court might have adopted the suggestion of the court in *People* v. *Smith* (163 Misc. 469) that a reason must be given as a basis for the exercise of the court's discretion. In that event, the immaturity and youth of the twenty-year old defendant would seem ample. (30 C. J. § 726, p. 455; *Reg.* v. *Foote*, Newfoundl. Rep. [1854–64] 59.)

In the light of the importance of the section herein construed, it is perhaps well that to the apparently only two cited authorities in this State there be added a third from an equally authoritative source. A trial justice in the future may select that one of the three which he believes is most logical and most securely grounded in judicial precedent.