33759. PIPPINS, *alias* PEPPINS *v.* THE STATE.

MacINTYRE, P. J. 1. Where, upon the trial of one charged with cattle stealing on January 21, 1951, the jury after several hours of deliberation return a verdict of guilty with a recommendation that he be punished as for a misdemeanor, without fixing a minimum and maximum sentence, and the trial court thereupon gives the jury the following additional instruction in charge: "Gentlemen, listen carefully, I thought I made this plain to you to start with: Where you convict a defendant it is necessary to fix a minimum and maximum punishment. Now, I shall have to ask you to return to your room and write your verdict. If that is your verdict, if you are satisfied to a reasonable and moral certainty and beyond a reasonable doubt that the defendant is guilty as charged, then write your verdict, 'We, the jury, find the defendant guilty. We fix his punishment at "so many years minimum" and "so many years maximum."' Then, if you care to, you can add the recommendation, 'However, we recommend misdemeanor punishment.' So return to your room, gentlemen, and re-write the verdict and you can use this space down here," and following this additional instruction of the court, the jury returns the following verdict: "We, the jury, find the defendant guilty, with minimum of two and maximum of four years, and recommend that he receive misdemeanor punishment," such additional instruction to the jury was not erroneous for the reason that it directed the jury to fix the minimum and maximum punishment at two and four years respectively where it appears that in its original charge the court instructed the jury: "Now, the penalty prescribed by law for cattle stealing, gentlemen, is a minimum of two years and a maximum of four years—anywhere between those two figures, two and four. You may adopt the same figures as a minimum and maximum— you may adopt whatever figures you see fit as a minimum and whatever figures you see fit as a maximum, but bear in mind it could not be less than two or longer than four years." See *Harvey* v. *State,* 29 *Ga. App.* 300 (115 S. E. 31); *Mitchell* v. *State,* 34 *Ga. App.* 505 (130 S. E. 355). Construed as a whole the original charge and additional instruction could not have been misleading or confusing to the jury.

2. Where, upon such a trial as is indicated in the foregoing division of this opinion, the court in charging upon the law of indeterminate sentences (Code, § 27-2502) fails to instruct the jury "as to the authority of the prison commission of Georgia [State Board of Pardons and

Paroles] to make rules and regulations whereby the defendant might be released or further confined after serving the minimum felony sentence," such omission constituted no ground for a new trial. That provision of Code § 27-2502 was repealed by the act of 1950 (Ga. L. 1950, pp. 352, 354; Code, Ann. Supp., § 27-2502) and constituted no part of the indeterminate-sentence law as contained in that section of the Code at the time of the alleged commission of the offense and at the time of the trial.

3. All other assignments of error contained in the motion for a new trial as amended were expressly abandoned and will not be considered. Code, § 6-1308.

4. The trial court did not err in overruling the motion for a new trial for any reason assigned and insisted upon, and the judgment must accordingly be affirmed.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED JANUARY 24, 1952.

*Sidney Moore*, for plaintiff in error.
*Hubert Calhoun, Solicitor-General*, contra.

