SCREEN v. THE STATE.

A sentence in a misdemeanor case which requires that the person convicted shall, upon failure to pay a given fine and costs, "be imprisoned in the common jail [of a named county] for the space of twelve months, and that during said imprisonment [he] be put to work at hard labor on the

chain-gang of said county," is not in conformity with section 1039 of the Penal Code. If it was intended by this sentence to impose a penalty of imprisonment, the term of imprisonment specified exceeds the limit fixed by law. If it was intended to impose a term of labor in the chain-gang, it fails to provide, as required by law, that the convict shall be put "to work in the chain-gang on the public works or on such other works as the county authorities may employ the chain-gang"; and the law does not authorize in such cases a sentence to "hard labor."

.       Submitted May 15, — Decided May 30, 1899.

Indictment for bigamy. Before Judge Falligant. Chatham superior court. March term, 1899.

*A. H. MacDonell*, for plaintiff in error.
*W. W. Osborne, solicitor-general*, contra.

COBB, J.   Screen was indicted for the offense of bigamy, and upon his trial the jury returned a verdict of guilty, with a recommendation that he be punished as for a misdemeanor. On December 12, 1898, the court imposed a sentence in the following words: "Whereupon it is considered and ordered by the court, that you N. D. Screen pay a fine of one hundred dollars and all costs, and be discharged on payment of said fine and costs; but if the said defendant fail to pay the said fine and costs, it is ordered that in lieu thereof you be imprisoned in the common jail of Chatham county for the space of twelve months, and that during said imprisonment you be put to work at hard labor on the chain-gang of said county." On March 10, 1899, after the adjournment of the term and during the next term, the convict presented a petition to the judge, alleging that he had been unable to pay the fine, that the alternative part of the sentence had been enforced against him, and that from the date of the sentence he had been kept at "hard work" on the chain-gang of the county. It was alleged that the sentence was illegal, and that the detention of the petitioner was therefore illegal, for the following reasons: (1) that it is not lawful to pass a sentence of imprisonment in the common jail of the county for a term exceeding six months; (2) that the court had no power to impose the sentence of imprisonment in the common jail and require petitioner to work in the chain-gang during the term of imprison-

ment; (3) that there was no authority for requiring petitioner to be put at "hard labor" in the chain-gang; (4) that the sentence failed to provide that petitioner should only be worked upon the public works in the chain-gang, or upon such other works as the county authorities may employ the chain-gang, not to exceed twelve months. The prayer of the petition was that the sentence be set aside and that the petitioner be set at liberty. It does not appear that any question was made in the court below as to whether the judge could deal with such a petition after the term at which the sentence was imposed. So far as we are informed, he undertook, without objection, to dispose of the petition upon its merits. This court, therefore, does not now decide whether the petition was in time or not, but, leaving this question open, passes upon the case as if the application had been made at the term when the sentence was enforced. The trial court declined to set aside the sentence, and the petitioner excepted.

The Penal Code declares that "a misdemeanor is punishable by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chain-gang on the public works, or on such other works as the county authorities may employ the chain-gang, not to exceed twelve months, and any one or more of these punishments may be ordered in the discretion of the judge." Penal Code, § 1039. The sentence imposed upon a person convicted of a misdemeanor must comply with the terms of the section quoted. Three classes of punishments are provided for, and each is distinct as well as limited: (1) fine, with a limit of one thousand dollars; (2) imprisonment, with a limit of six months; and (3) work in the chain-gang on the public works or on such other works as the county authorities may lawfully employ the chain-gang, with a limit of twelve months. The court may impose one or two or all of these punishments upon persons convicted, but the sentence imposing any of them must distinctly declare which one the convict is to suffer. A person who has been lawfully sentenced to work in the chain-gang upon the public works may be imprisoned at night or at any other appropriate time. *Brady* v. *Joiner*, 101 *Ga.* 190. It does not follow, however, that a per-

son sentenced to imprisonment can be required to work during the term of his imprisonment. In the case of a person sentenced to work in the chain-gang, imprisonment at such times as the convict is not at work is absolutely essential to carry out the sentence; while in the case of a person sentenced to imprisonment work by the convict is neither contemplated by the law nor required in due execution of the sentence. The alternative part of the sentence imposed in the present case is not in conformity with the law. If it was intended as a sentence of imprisonment, it is illegal because it provides for a term of imprisonment longer than that authorized by law. If it was intended as a sentence to work in the chain-gang, it is irregular because it does not in terms provide that the work which the convict was to perform was work in the chain-gang upon the public works or upon such other works as the county authorities might employ the chain-gang. The section of the code under which the sentence was imposed simply provides that the convict shall "work," and this does not necessarily mean "hard labor." The use of this expression was therefore inappropriate. The irregularity in the sentence is not of such a character as to entitle the plaintiff in error to be discharged from custody. He has been lawfully convicted, and he can not, for the reason that the sentence was informal and irregular, be allowed to escape the penalty which the law declares shall follow his conviction. While it was proper to refuse to discharge him from custody, he was entitled to have the sentence so changed as to make it conform to the law in all particulars; and the judgment is affirmed, with direction that the sentence be so amended as to conform to the provisions of the section of the Penal Code under which it was imposed.

*Judgment affirmed, with direction. All the Justices concurring.*