*B. B. Bush,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

---

### 7696.  McCOY *v.* THE STATE.

The sufficiency of the identification of the shirts found in the possession of the accused was a matter for determination by the jury, and this court can not interfere with their finding thereon, it being positively testified by the prosecutor and his son that they were the "two Wright's spring needle ribbed undershirts" described in the indictment, which were stolen from his store, although it was testified that other shirts of the same kind might be kept for sale by other merchants, and it did not appear that there was any special mark to distinguish the stolen shirts from others of the same kind. The jury were authorized to find that the circumstances in proof excluded every other reasonable hypothesis than that of the guilt of the accused.

DECIDED OCTOBER 18, 1916.

Accusation of larceny from house; from city court of Sandersville—Judge Jordan. June 1, 1916.

*A. R. Wright,* for plaintiff in error.

*J. E. Hyman, solicitor, Evans & Evans,* contra.

WADE, C. J. The conviction was based wholly upon circumstantial evidence. The corpus delicti was clearly proved. There was positive testimony identifying an unusually large and therefore peculiar track made by the horse of the defendant, which was clearly visible, and was followed from a bridge 100 yards from the burglarized store to the home of the defendant, about 12 miles distant, and into his lot, where the horse then was, and also from

the defendant's home to the bridge. There was also testimony that on the night of the burglary, about 7 o'clock, on October 8, 1915, two men were seen riding in a buggy and driving a large horse going in the direction of the store which was burglarized that night, and which was about two miles distant from them, and the witness recognized one of these men as the defendant. The house of the defendant was searched, and "two Wright's spring needle ribbed undershirts," as described in the indictment, were found therein. There was no mark of any kind on these garments to show that they came from the burglarized store; and, notwithstanding the owner of the store admitted that the shirts were staple articles that may be carried in stock by almost any merchant, both he and his son testified absolutely that they recognized these particular shirts as the property of the alleged owner, and as being the two shirts taken from the store on the occasion of the burglary. The articles alleged to have been stolen, which were found in the possession of the accused, being identified by positive testimony, notwithstanding the absence of any special marks thereon, the sufficiency of the identification and the value of the identifying testimony was for determination by the jury; and their finding thereon can not be set aside by this court upon the ground that there was no testimony to authorize the verdict.

No error of law is complained of; and while the evidence is somewhat unsatisfactory, accepting the identification of the stolen goods as sufficient, the jury were authorized to find that the circumstances in proof excluded every other reasonable hypothesis than that of the guilt of the accused.        *Judgment affirmed.*