### DIXON, sheriff, *v.* BAUGHN.

The court did not err in sustaining the writ of habeas corpus and in discharging the prisoner from custody.

No. 1239. APRIL 18, 1919.

Habeas corpus. Before Judge Meldrim. Chatham superior court. October 25, 1918.

*Walter C. Hartridge, solicitor-general,* and *George W. Owens,* for plaintiff in error.

*Osborne, Lawrence & Abrahams,* contra.

GILBERT, J. One accused of a misdemeanor was tried in the city court of Savannah, and upon the rendition of a verdict of guilty the following sentence was passed:

"Whereupon it is considered and ordered that the said defendant do pay a fine of $600.00 and costs; but if the said defendant fails to pay the said fine and costs, it is ordered that in lieu thereof he be for the space of six months imprisoned in the common jail of Chatham County; and that he be put to work in the chain-gang of Chatham County on the public roads, or on such other public works as the county authorities, to wit, the commissioners and ex-officio judges of Chatham County, may employ the said chain-gang, for the space and period of 12 months. ~~Chain-gang sentence to be probated.~~ (Erasure before signature.)

Jno. Rourke, Jr.,

Ex-Officio Judge of the City Court of Savannah

March 27, 1918."

The fine of $600 and the costs were duly paid; whereupon the defendant demanded his release from custody, which was refused, and he instituted habeas-corpus proceedings against the sheriff of Chatham County, alleging the trial, the sentence, and the payment of the fine and costs, and contending that under the terms of the sentence he was entitled to his release from custody. The sheriff denied that his restraint of the petitioner was illegal, but insisted that the restraint was lawful under the said sentence; and further that the payment of the fine of $600 and costs operated, under the sentence, as a release from the imprisonment of six months in jail, but not from the service of twelve months on the chain-gang. The court held that the payment of $600 and costs operated both as release from imprisonment in jail and from service on the chain-gang. The writ of error to this court is based upon that ruling.

The correctness of the court's ruling would scarcely be questioned by any one but for the semicolon between the provision for imprisonment in the jail and the provision for service on the chain-gang. Had the punctuation mark been a comma, or had there been no punctuation at that point, no room for debate would have existed. As stated by the trial judge, we think that sentences for criminal offenses should be certain, definite, and free from ambiguity; and where the contrary is the case, the benefit of the doubt should be given to the accused, more especially when the result turns upon so narrow a margin as that involved in the punctuation by a semicolon. It should be borne in mind that the sentence was passed upon a printed form, which form is somewhat irregular. It may not be out of place to state in this connection that the better practice, and one which is usual in this State, in regard to sentences for misdemeanor, is for the court to state clearly and definitely the sentence to imprisonment in the jail, if any, or to service on the chain-gang, or both; and then to provide, if an alternative sentence is to be passed, that either the imprisonment in jail or the service on the chain-gang, or both, as the court may prescribe, is to be discharged or relieved by the payment of a fine of stated amount. In other words, it is preferable to so word the sentence that the payment of a money sentence shall operate as a discharge from a jail or chain-gang sentence, rather

than that a jail or chain-gang sentence shall become operative because of failure to pay a named sum of money.

*Judgment affirmed. All the Justices concur.*