MORRIS *v.* CLARK, warden.

HILL, J. 1. Where one was indicted for a felony under the act of 1910 (Acts 1910, p. 136, Park's Code, §§ 183(a), 183(b), and entered a plea of guilty, and the trial judge imposed an indeterminate sentence of from one to five years in the penitentiary, such sentence was a nullity, because not in accordance with the provisions of the act of 1910, supra. 12 R. C. L. 1208, § 27; Acts 1919, p. 387, Park's Code Supp. 1922, § 1081(e).

2. A plea of guilty by the defendant appearing in the record, he can not be discharged, although the sentence is a nullity; and the case is remanded to the court below, with direction that the applicant be taken before the proper court in order that a legal sentence may be imposed upon him in accordance with the inderterminate-sentence law. *Screen* v. *State*, 107 *Ga.* 715, 718 (33 S. E. 393); *Coleman* v. *Nelms*, 119 *Ga.* 307 (46 S. E. 451); *Littlejohn* v. *Stells*, 123 *Ga.* 427 (51 S. E. 390; *Pearson* v. *Wimbish*, 124 *Ga.* 701, 713 (52 S. E. 751, 4 Ann. Cas. 501).

*Judgment affirmed, with direction. All the Justices concur.* Russell, C. J., *and* Gilbert, J., *concur specially.*

GILBERT, J. It is not contended that the sentence is excessive. The sentence is indeterminate, the maximum being within the statute and the minimum being less than the minimum named in the statute. Such a sentence is not void, but is only irregular or erroneous. " If a court in pronouncing sentence does not follow the law, but imposes a sentence less than that which it is by law directed to impose, the weight of authority is to the effect that such sentence, while not warranted by the law, is not absolutely void but simply erroneous and voidable, and can not be successfully attacked in a collateral way by means of the writ of habeas corpus." 12 R. C. L. 109, and cases cited. I therefore concur in the judgment, but for reasons different from those stated by the majority.

No. 3776. JULY 21, 1923. ON REHEARING, SEPTEMBER 26, 1923.

Habeas corpus. Before Judge Humphries. Fulton superior court. April 25, 1923.

*Chambers & Dickey* and *J. K. Jordan,* for plaintiff.

*John A. Boykin, solicitor-general,* and *E. A. Stephens,* for defendant.