### 16667.   MITCHELL *v.* THE STATE.

In a burglary case, where the jury returned the verdict, "We, the jury, find the defendant guilty, and recommend him to the mercy of the court," under the indeterminate-sentence law the verdict was not in proper form, and it was error for the judge to receive it and fix the minimum and maximum term of punishment.  He should have sent the jury back to their room with the instruction that they fix the minimum and the maximum penalty.

> DECIDED NOVEMBER 10, 1925.

Burglary; from Douglas superior court—Judge Irwin.    June 16, 1925.

*D. S. Strickland,* for plaintiff in error.

*E. S. Griffith, solicitor-general,* contra.

BLOODWORTH, J.    Plaintiff in error was tried for burglary, and the jury returned the following verdict: "We, the jury, find the defendant guilty, and recommend him to the mercy of the court." This verdict was received by the judge and he fixed the term of punishment at from five to ten years.  A motion in arrest of judgment was filed, in which it was urged that the verdict was illegal and should not have been received, that the court, under the indeterminate-sentence law, had no power or authority to fix the penalty, but that the jury alone had this power.  The motion was overruled, and the defendant excepted.

The indeterminate-sentence law (Ga. L. 1919, p. 387; Park's Code Supp. 1922, vol. 11, § 1081-e) provides that "the jury in their verdict on the trial of *all* cases of felony not punishable by life imprisonment *shall* prescribe a minimum and maximum term." This provision of the law is emphasized by the further provision that "in cases of pleas of guilty, then the judge shall have the right to prescribe such minimum and maximum term as he may see fit."

The identical question before us has never been passed upon by either of the appellate courts of Georgia.  The nearest approach to it is the case of *Sirmans* v. *State, 28 Ga. App.* 122 (110 S. E. 622).  In that case the crime charged was the same as in this case, and the jury returned the following verdict: "We, the jury, find the defendant guilty, and recommend that he be punished as for a misdemeanor."  Thereupon the court told the jury: "Your verdict is not in proper form.  It will be necessary for you to return to your room and fix the minimum and maximum penalty." The jury complied with these instructions, and this court held that the instructions of the trial judge were proper.  This amounted to a holding that it was necessary for the jury to fix a minimum and maximum sentence, and the principle there settled is controlling in this case.

We are supported in the conclusion which we have reached by the following cases from other States:  In the case of Nemo *v.* Commonwealth, 2 Gratt. (Va.), 558, the jury rendered an im-

proper verdict as to punishment, and the court erroneously entered judgment thereon. In that case the appellate court said: "The verdict itself was manifestly illegal; the jury having ascertained a term of imprisonment shorter than that prescribed by law. But in rendering a judgment for a different and longer term, the court departed from the settled practice in criminal prosecutions, *and assumed the peculiar province of the jury.* . . The proper course would have been to have sent the jury back with proper instructions, to reconsider their verdict. . . It would be dangerous in criminal cases to authorize that to be done in one mode which the law requires to be done in another. . . The course of proceeding pointed out by the statute may be more or less convenient; but it is the only *legal* mode; and we have no power to carve out another." "In criminal cases the jury *must* assess the punishment of the defendant, if found guilty, and the judgment of the court must follow the verdict. If the punishment assessed by the jury is not in conformity with the provisions of the statute, the court should see that the jury correct their verdict; but the court is not authorized to render judgment for any other or different punishment than that assessed by the jury." Clark *v.* State, 77 Ind. 399.

In Harwell *v.* State, 19 Tex. App. 423, the statute in Texas required the jury to hear evidence and fix punishment in case of pleas of guilty, and the Court of Appeals of Texas held: "This provision of the statute is *mandatory,* and instead of being merely for the benefit of the defendant, it is more especially designed to protect the interest of the State by preventing aggravated cases of crime being compromised by the assessment of the minimum punishment fixed by law. Failure to comply with this provision of the statute in cases to which it applies is *fundamental error."* In Josef *v.* State, 33 Tex. Cr. App. 251, the court held that "the statute is mandatory, and its disregard fundamental error." The opinion concludes with: "The legislature has so ordered, and the court should enforce the law." In the case of Nelson *v.* State, 46 Ala. 186, the first headnote is as follows: "A party who is prosecuted for an assault with intent to murder, by indictment, in the circuit court, and who confesses himself guilty of an assault and battery with a pistol *must* have 'the amount of the fine . . fixed and determined by a jury.' The fine can not be fixed by the court in such a case." And in the opinion (p. 188) the court

said: "The judgment in this case was without warrant of law. In prosecutions by indictment the jury alone can 'fix and determine the amount of the fine,' except when an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county. Here the charge was for an offense punishable by imprisonment in the penitentiary without fine, and the conviction was for an offense punishable by fine, . . and the punishment could not be fixed by the court but *only by a jury*. Then, the fixing of the fine by the court, without the intervention of a jury, was erroneous. In such a case as this a jury should determine the fine." "The jury must assess the punishment, and the judgment must be according to the verdict. The verdict itself was defective in not assessing a penalty of the sort, and the jury should have been on that account sent back for further deliberation, that they might have corrected it." Wilson *v.* State, 28 Ind. 394.

The court erred in overruling the motion in arrest of judgment.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*