OLIVER *v.* LOWRY, sheriff.

No. 8529. December 17, 1931.

*Joseph D. Lewis, Swift Tyler Jr.,* and *Ernest Watts,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendant.

Beck, P. J.   C. V. Oliver brought his petition for habeas corpus against J. I. Lowry, sheriff.   After hearing evidence and argument, the presiding judge remanded the prisoner to custody, and to the order the petitioner excepted.   The applicant had been indicted under the Penal Code, §§ 183(a), 183(b), for possessing nitroglycerine and dynamite cap and fuse with intent to commit burglary.   The punishment for the crime for which he was convicted is from three to ten years.   The jury had been permitted to return a sealed verdict and to separate.   The verdict was as follows: "We, the jury, find the defendant guilty as charged, and recommend him to the mercy of the court."   It was dated and signed by the foreman.

The statute in regard to indeterminate sentences (Ga. L. 1919, p. 387, 11 Park's Code Supp. 1922, § 1081(e)) provides that "The jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term."   In view of this provision of the law, it is insisted by the plaintiff in error that, the jury having failed to fix a minimum and

maximum term of imprisonment, the verdict was invalid and void, and that the judgment and sentence of the court predicated upon said verdict was also necessarily null and void. This contention does not meet with our assent. Neither the verdict nor the sentence was void.´ Inasmuch as the jury recommended the prisoner to the mercy of the court, the court might have approved this and imposed a misdemeanor sentence. Penal Code, § 1062. But evidently the court did not approve of a verdict which meant that the crime should be punished as for a misdemeanor. However, the judge fixed the lowest penalty prescribed by the statute for the crime of which the accused was convicted, and therefore the prisoner was not injured in any way by the failure of the jury to fix the minimum and maximum sentence. They could not have fixed a lower sentence than the judge gave him, and the judge had a discretion as to whether he would or not approve the recommendation to mercy. In the case of *Lee* v. *State,* 35 *Ga. App.* 235 (133 S. E. 281), it was said : "The plaintiff in error was charged with manufacturing whisky, and the jury returned the following verdict: 'We, the jury, find the defendant guilty [and] ask [the] mercy of the court.' Thereupon the accused was given a misdemeanor sentence. At the same term of the court he presented a motion to arrest the judgment, based upon the allegation that the verdict was not a legal one, under the indeterminate-sentence statute, in that no minimum and maximum penalty was fixed by the verdict. Held : The verdict was not in proper form, and the judge should have sent the jury back to their room with instructions to fix a minimum and maximum penalty. *Mitchell* v. *State,* 34 *Ga. App.* 505 (130 S. E. 355). However, as the judge followed the recommendation of the jury and imposed a misdemeanor sentence, the defendant has no cause to complain, and the refusal to arrest the judgment was not error." The verdict was there held not void. We have adopted the reasoning of the Court of Appeals that the defendant was not harmed by the judge pronouncing the sentence there imposed. It is true the judge in that case imposed a misdemeanor sentence, but he had the right to disregard the jury's recommendation; and where, instead of a misdemeanor sentence, he imposed the lowest sentence that could be imposed, treating the crime as a felony, the accused was not hurt and can not complain.

The verdict not being void, the judgment was not void; and the court properly so held and remanded the prisoner to custody.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs specially.