23048.   HOLLIS *v.* THE STATE.

DECIDED MARCH 2, 1934.

*M. M. Holloway, N. J. Stone,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

MACINTYRE, J.   Roy Hollis was convicted of the crime of robbery, the jury's verdict being as follows: "We, the jury, find the defendant guilty of robbery by intimidation and recommend that he be punished as for a misdemeanor." The act of 1919 (Ga. L. 1919, p. 387, Michie's Penal Code (1926), § 1060(1)), provides that "The jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury.   .   ." The Penal Code of 1910, § 150, prescribes that robbery by intimidation

"shall be punished by imprisonment and labor in the penitentiary for not less than two years nor longer than twenty years." In the instant case the court received the verdict precisely as returned by the jury, and sentenced the defendant to the penitentiary for not less than eight years and not more than twelve years. It was error for the judge to deprive the jury of the right devolving upon them under the law of fixing the punishment. *Thompson* v. *State,* 160 *Ga.* 520 (5) (128 S. E. 756). It was error for the judge to receive such a verdict. He should have had the jury return to their jury-room and fix a minimum and maximum term as prescribed by law for the crime charged. *McKenzie* v. *State,* 38 *Ga. App.* 200 (143 S. E. 442) ; *Mitchell* v. *State,* 34 *Ga. App.* 505 (130 S. E. 355). If the judge had punished the defendant as for a misdemeanor, the error would have been harmless. *Yassen* v. *State,* 36 *Ga. App.* 311 (136 S. E. 544). If the judge had fixed the minimum term of punishment (two years) prescribed by the statute for robbery by intimidation, the error would have been harmless, and the defendant could not have complained. The verdict was not void. *Oliver* v. *Lowry,* 173 *Ga.* 892 (161 S. E. 828). But the sentence was a nullity, because it did not follow the law which, under the verdict in this case, restricted the judge to the imposition of either a mis-demeanor sentence or a minimum and maximum sentence of two years. *Morris* v. *Clark,* 156 *Ga.* 489 (119 S. E. 303) ; *Oliver* v. *Lowry,* supra; *Yassen* v. *State,* supra.

The evidence abundantly supports the verdict, and for no reason assigned should the case be returned for a trial upon its merits. However, since it does clearly appear from the record that the sentence imposed is illegal and void for the reason that it does not follow the verdict, the judgment is affirmed with direction that the defendant be taken before the proper court in order that a legal sentence in accordance with the law above stated may be imposed upon him. *Screen* v. *State,* 107 *Ga.* 715 (33 S. E. 393) ; *Morris* v. *Clark,* supra; *Littlejohn* v. *Stells,* 123 *Ga.* 427 (4), 430 (51 S. E. 390).

*Judgment affirmed, with direction. Broyles, C. J., and Guerry, J., concur.*