31543. GOBER *v.* THE STATE.

DECIDED APRIL 25, 1947. REHEARING DENIED JULY 22, 1947.

*Claude V. Driver,* for plaintiff in error.

*Hal C. Hutchens, Solicitor-General, W. A. Foster Jr.,* contra.

MACINTYRE, P. J. ■ Joel Gober was indicted for burglary, and the jury returned a verdict of guilty. The defendant filed a motion for new trial based on the general and three special grounds. This motion, as amended, was overruled on each and every ground thereof, and the defendant excepted.

In special ground 1, the defendant assigns as error the excerpt, enclosed in brackets, from instructions given the jury by the court: "[Now, any removal by the defendant, or someone else, of those things which are usually found in a house to protect the same from intruders on the outside, would be a breaking within the meaning of the law. As an illustration, and an illustration only, it is a breaking within the law to raise a window that is found

down, or to break a glass of a window and raise the latch and raise the window afterwards, or to turn the knob of a door and enter by that means. You look to the evidence in the case and see by what means the defendant, if he did, or some party, entered this storeroom, if it was entered.] . . If you believe from the evidence, including the defendant's statement, beyond a reasonable doubt, that the storehouse of L. E. Stevens was broken and entered as charged in the bill of indictment in this case, and this breaking and entering was with the intent to commit a felony or larceny, then you would be authorized to find the defendant on trial, Joel Gober, guilty of burglary, provided you are likewise satisfied beyond a reasonable doubt that it was the defendant that broke and entered the house."

It is the duty of the judge to declare to the jury what the law is, with its exceptions and qualifications; and then to state hypothetically that, if certain facts which constitute the offense are proved to their satisfaction, they will be authorized to find the defendant guilty; otherwise, they will acquit him. *Cammons* v. *State,* 59 *Ga. App.* 759 (2 S. E. 2d, 205).

The quoted instructions enclosed in brackets were not, as urged by the defendant, misleading, confusing, inaccurate, and prejudicial to him. The trial judge was merely stating a principle of law in the abstract, which applied to any and everyone, whether that one was the defendant or any other person. *Croker* v. *State,* 57 *Ga. App.* 895 (3) (197 S. E. 92). This ground is not meritorious.

■ The jury returned a verdict in the following language: "We the jury find the defendant guilty of a misdemeanor and recommend not less than one year nor more than twenty years." The verdict was dated and signed by the foreman of the jury. When the verdict was returned into open court, and the words, "We the jury find the defendant guilty of a misdemeanor," were read by the solicitor-general, the trial judge refused to receive the verdict. The judge then recharged the jury in part as follows: "I charged you, gentlemen, if you find the defendant guilty, you go ahead and fix his punishment at not less than one year nor more than twenty years, using such minimum figures and such maximum figures as you see proper; and if you find him guilty and want him to serve a misdemeanor sentence, or to be punished as for a

misdemeanor, you just add, 'and we recommend that he be punished as for a misdemeanor,' instead of preceding it."

The judge then proceeded to instruct the jury in a very clear and accurate charge on the possible verdicts that the jury might return. The charge was full and complete.

The jury retired and after consideration returned the following verdict: *"We the jury find the defendant Joel Gober guilty and fix his punishment at from two to four years."* (Italics ours.) The verdict was dated and signed by the foreman and received by the judge.

The first verdict presented to the court by the jury on the felony indictment for burglary stated: *"We the jury find the defendant guilty of a misdemeanor* and recommend not less than one year nor more than twenty years." (Italics ours.) The court refused to receive this verdict, and the defendant contends that, since the verdict was legal and lawful and expressed the true and correct intention of the jury, the court should have received the verdict.

Such verdict, we think, is so uncertain and ambiguous that the judge did not err in refusing to receive it and, without intimating what the verdict should be, in instructing the jury on the possible legal verdicts that they might return under the indictment and the evidence and the forms of such verdicts; in sending them back to the jury room; and, upon their return with a legal verdict in proper form, which is fully supported by the evidence, in receiving the verdict. *Weaver* v. *State, 50 Ga. App.* 178 (3) (177 S. E. 349) ; *Campbell* v. *State, 50 Ga. App.* 171, 176 (177 S. E. 517) ; *Mitchell* v. *State,* 34 *Ga. App.* 505, 506 (130 S. E. 355) ; *Harvey* v. *State,* 29 *Ga. App.* 300 (8) (115 S. E. 31) ; *Turbaville* v. *State,* 58 *Ga.* 545 ; *Oliver* v. *Lowry,* 173 *Ga.* 892 (161 S. E. 828).

■ In special ground 3, it is insisted that the court erred in recharging the jury, and it is contended that the additional instructions caused the jury to change their verdict in substance and in form, that the charge influenced the jury, and that the jury could have inferred from the charge a displeasure on the part of the trial judge with the verdict. This ground is not meritorious. The judge did nothing more than reiterate his previous instructions in order that the jury might return a verdict in proper form. He did not intimate what their verdict should be. It is obvious that the jury did not have a full and complete understanding of

the possible forms of the verdicts, and the judge did not err in instructing them again as to their duties. See, in this connection, *Lambert* v. *State*, 17 *Ga. App.* 348 (86 S. E. 782).

4. Where the jury were authorized under the evidence to find that the offense of burglary had been committed, and within a few hours after the alleged offense was committed, some of the stolen goods were found in the possession of the defendant who was unable to account therefor, in view of all the other circumstances proved, the jury were authorized to infer that the accused was guilty. "The law raises no presumption; it simply permits the jury to infer guilt from the fact of recent possession, unaccounted for." *Lewis* v. *State*, 120 *Ga.* 508 (48 S. E. 227); *McCoy* v. *State*, 18 *Ga. App.* 698 (90 S. E. 355); *Morris* v. *State*, 47 *Ga. App.* 792 (171 S. E. 555); *Cook* v. *State*, 49 *Ga. App.* 86, 88 (174 S. E. 195); *Jordan* v. *State*, 119 *Ga.* 443 (46 S. E. 679).

The evidence was sufficient to authorize the verdict.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*