### HEARD *v.* GILL, Warden.

WYATT, Justice. After a valid verdict of guilty, with punishment fixed at three to five years, has been returned by a jury, and the trial judge has imposed an oral sentence in accordance therewith but through inadvertence the written sentence signed by the judge is for a term of seven to ten years, such sentence and judgment signed by the trial judge is a nullity because it does not follow the verdict, as required by the law. Code, § 27-2502. However, it appearing on the face of the record that a valid verdict has been returned, such a sentence, though a nullity, may be corrected to conform to the verdict; and this may be done after the expiration of the term at which the sentence was imposed. "Although it is the general rule that trial courts have no power, after the end of the term at which a sentence is imposed, to 'modify and change the sentence formerly imposed,' and that such a new judgment is a nullity (*Porter* v. *Garmony,* 148 *Ga.* 261, 262, 96 S. E. 426; *Auldridge* v. *Womble,* 157 *Ga.* 64, 120 S. E. 620), nevertheless a defendant, after a plea or verdict of guilty, may, when a void sentence has been imposed, be returned before the proper court 'in order that a legal sentence may be imposed upon him in accordance' with law." *American Surety Company of New York* v. *State of Georgia,* 50 *Ga. App.* 777, 783 (179 S. E. 407), and cit. In *Morris* v. *Clark,* 156 *Ga.* 489 (2) (119 S. E. 303), this court, after holding that a sentence imposed upon the accused was a

nullity because it was not in accordance with the law, held: "A plea of guilty by the defendant appearing in the record, he can not be discharged, although the sentence is a nullity; and the case is remanded to the court below, with direction that the applicant be taken before the proper court in order that a legal sentence may be imposed upon him in accordance with the indeterminate-sentence law." This procedure has been approved as recently as *Whittle* v. *Jones*, 198 *Ga.* 538, 545 (32 S. E. 2d, 94), where the court said: "If the sentences had been void, a verdict of guilty appearing in the record, it would seem that this would not entitle the applicant to his discharge on habeas corpus. He stands convicted of a crime, and if no sentence had been rendered, or if the one that was passed was void . . the proper procedure apparently would have been to remand him to be sentenced for his crime." As stated in *Screen* v. *State*, 107 *Ga.* 716 (33 S. E. 393): "The irregularity in the sentence is not of such a character as to entitle the plaintiff in error to be discharged from custody. He has been lawfully convicted, and he can not, for the reason that the sentence was . . irregular, be allowed to escape the penalty which the law declares shall follow his conviction. While it was proper to refuse to discharge him from custody, he was entitled to have the sentence so changed as to make it conform to the law in all particulars; and the judgment is affirmed, with direction that the sentence be so amended as to conform" to the verdict of the jury.

*Judgment affirmed, with direction. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16288. SEPTEMBER 14, 1948.

*Lester Dickson,* for plaintiff.

*Eugene Cook, Attorney-General, F. E. Strickland, Solicitor-General, John H. Goddard, Assistant Attorney-General,* and *Dan Winn,* contra.