CROSS *v.* HUFF, Sheriff.

No. 17596.  SUBMITTED SEPTEMBER 11, 1951—DECIDED OCTOBER 10, 1951..

*Carlisle Cobb* and *Rupert A. Brown*, for plaintiff.

*D. M. Pollock, Solicitor-General,* for defendant.

HEAD, Justice. Counsel for the defendant insist that the original sentence imposed by the judge of the city court was not a "probation sentence"; that the defendant was sentenced to pay a fine of $43.50 and "work in the Public Works Camp of Clarke County for the full term of Twelve months . . with the privilege to pay said fine and costs and be discharged at any time after entering upon said Public Works."

Counsel for the State insist that "the last clear pronouncement of the court in the sentence in this case is 'upon payment of the fine the 12 months to be served outside said jail and/or camp, on probation until further order of the court' " (compare *Carter* v. *Johnson,* 168 *Ga.* 688, 689, 148 S. E. 590) ; and that the word "discharged" as used in the sentence merely allowed the defendant to serve his sentence outside of the public works camp.

From the language of the sentence imposed by the judge of the city court, the meaning -and intent of the court is not altogether clear. The first part of the sentence is certain and positive. The defendant was required to pay a fine and to work twelve months in the public works camp. The meaning is not clear as to the proviso, "with the privilege to pay said fine and costs and be discharged at any time after entering upon said Public Works."

The judge of the superior court construed the word "discharged" to mean "released from confinement." Webster's New International Dictionary (2d ed.), p. 742. This is one of the definitions given by that dictionary. The word "dis-

charge," however, has many meanings, some of which are: to absolve; to free from that which oppresses, as an obligation; to acquit; clear; exempt; dismiss legally; annul. Black's Law Dictionary (3rd ed.), p. 584, defines "discharge" as "to release, liberate, annul, unburden, disencumber." If the word "discharge" as used in the sentence should be given the meaning to annul, unburden, disencumber, acquit, or to free the defendant "from that which oppresses as an obligation," the sentence would be terminated upon the payment of the fine.

There does not appear to be any "last clear pronouncement" by the judge of the city court in the proviso that "upon payment of the fine the 12 months to be served outside said jail and/or camp on probation until further order of this court."

The rule has been laid down by this court that sentences for criminal offenses "should be certain, definite, and free from ambiguity; and where the contrary is the case, the benefit of the doubt should be given to the accused." *Dixon* v. *Baughn,* 149 *Ga.* 86, 87 (99 S. E. 34); *Cooley* v. *Dixon,* 149 *Ga.* 506 (101 S. E. 181); 24 C. J. S. 101, § 1581.

Service of a sentence on probation is conferred as a privilege (15 Am. Jur. 149, § 498); and can not be demanded as a matter of right. This does not mean, however, that a defendant's liberty is something that can be the subject matter of whim or fancy of the trial judge. Our law provides that, in cases where it appears to the satisfaction of the court that the circumstances of the case and the public good do not demand the defendant's incarceration, the court may mold its sentence to allow the defendant to serve the sentence outside the confines of the place of detention "under the supervision of the court, and in such manner and on such conditions" as the court may see fit, which shall be made a part of the record. Code § 27-2702, as amended by Ga. L. 1950, p. 353, sec. 2.

Statutes providing for the suspension of a sentence or the probation of a defendant must be strictly followed. 15 Am. Jur. 148, § 498. As to whether or not the sentence in the present case was one of probation under supervision and upon specified conditions, must be determined from the language of the sentence. The manner of the probation of the defendant is not provided; conditions upon which the defendant might

remain at liberty are not set forth; the defendant is not instructed to refrain from the doing of any act. The citation of the solicitor of the city court recites only that "the said defendant violated the terms of said probation sentence by then and there failing to comply with same." How, when, where, or in what manner it is claimed that the defendant could have failed to comply with non-existing conditions does not appear from the record in this case. Had the alleged probation sentence contained even the admonition to "go and sin no more," (John 8:11), the sentence might be subject to construction. But courts can not construe that which does not exist. The release of a defendant unconditionally is not, and can not be, a probation sentence under the provisions of our law.

Former Chief Justice Russell, in speaking for this court in *Williams* v. *State*, 162 *Ga.* 327, 328 (3) (133 S. E. 843), laid down the rule that a "parole can not lawfully be revoked as a mere matter of caprice. In such hearing the judge is the sole judge of the credibility of the witnesses, but he is not permitted to withdraw a parole unless there be sufficient evidence to authorize a finding that one or more of the conditions upon which the parole was granted have been violated. Consequently, where in a hearing such as above referred to no evidence is produced before the court from which it can be determined whether the criminal act charged against the probationer as in violation of his parole was committed prior to the imposition of the sentence or subsequent thereto, a finding revoking the parole would be contrary to law and would not be authorized."

In the present case, the defendant did not violate the conditions of his probation, since no conditions were imposed. While there is no evidence in the record of any act of the defendant since the imposition of his original sentence, no amount of evidence would dispense with the duty of the judge to prescribe the terms and conditions of the probation in the manner required by law.

In *Lester* v. *Foster*, 207 *Ga.* 596, 598, 599 (63 S. E. 2d, 402), it was held: "To deprive a defendant of his liberty upon the theory that he has violated any of the rules and regulations prescribed in the sentence without giving him a notice and opportunity to be heard upon the question of whether or not he

has violated such rules and regulations, would be to violate one of the fundamentals of our system of jurisprudence that a person shall not be deprived of his liberty without due process of law, which includes notice and an opportunity to be heard." Likewise to deprive a defendant of his liberty upon the theory that he has violated rules and regulations prescribed in his sentence, when no rules, regulations, conditions, limitations, or restrictions were imposed by such sentence would deprive the defendant of "due process of law." The defendant was not put upon notice of what was expected or demanded of him, and the judge only has authority to revoke the suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court. Code, §§ 27-2702, 27-2705, as amended by Ga. L. 1950, p. 352.

The defendant should have been discharged upon payment of the fine, and the judge erred in remanding him to the custody of the sheriff.

*Judgment reversed. All the Justices concur.*