33732. TAYLOR *v.* STATE.

DECIDED NOVEMBER 20, 1951.

*James W. Arnold, Edwin Fortson,* for plaintiff in error.

*Preston M. Almand, Solicitor,* contra.

TOWNSEND, J. Upon petition of the Solicitor of the City Court of Athens to the judge of that court, setting out that Ida Mae Taylor, the defendant, had on May 4, 1951, pleaded guilty to the offense of possessing non-tax-paid liquor and had been sentenced by the court and the sentence probated, and that she had on June 15 "violated the terms and conditions of said probation sentence by then and there failing to comply with said terms and conditions," the trial court issued an order that the defendant be brought before him. At the hearing the sentence which was contended to be a probation sentence and which alleged probation was sought to be revoked was offered in evidence by the State. Counsel for the defendant objected to the introduction of the sentence in evidence on the ground that it was an alternative sentence and not a probation sentence, and that the sentence properly construed showed that the defendant was to be discharged upon the payment of the fine. The trial court overruled this objection and entered a judgment revoking the probation, and the exception is to this judgment.

Since the sentence in this case is in the exact language of the sentence in the case of *Cross* v. *Huff,* 208 *Ga.* 392 (67 S. E. 2d, 124), and since the sentence in that case was held, based on the same contention, to be an alternative sentence and not a probationary sentence, and since it was held in that case that the defendant was discharged under the terms of the sentence upon the payment of the fine, and since that decision is binding on this court, the sentence here must be held to be an alternative sentence and not probationary.

The judgment of the City Court of Athens revoking the

alleged probationary features of the sentence was therefore error. *Judgment reversed.* *MacIntyre, P.J., and Gardner, J., concur.*