## 33731. SCOTT *v.* STATE.

Decided November 20, 1951.

*Rupert A. Brown,* for plaintiff in error.

*Preston M. Almand, Solicitor,* contra.

Gardner, J. Upon petition of the Solicitor of the City Court of Athens to the judge of that court, setting out that Irene Scott, the defendant, had on May 21, 1951, pleaded guilty to the offense of possessing non-tax-paid liquor and had been sentenced by the court and the sentence probated, and that she had on June 19, 1951, "violated the terms and conditions of said probation sentence by then and there failing to comply with the said terms and conditions," the trial court issued an order that the defendant be brought before him. At the hearing the court ordered "that the said probation sentence be, and the same is hereby revoked, and that said defendant, Irene Scott, be disposed of and dealt with in accordance with the terms of same." Error is assigned on this order on the ground that the sentence was an alternative and not a probation sentence, and that properly construed it . showed that the defendant was to be discharged upon payment of the fine.

Since the sentence in this case is in the exact language of the sentence in the case of *Cross* v. *Huff,* 208 *Ga.* 392 (67 S. E. 2d, 124), and since the sentence in that case was held, based on the same contention, to be an alternative sentence and not a probationary sentence, and since it was held in that case that the defendant was discharged under the terms of the sentence upon the payment of the fine, and since that decision is binding on this court, the sentence here must be held to be an alternative sentence and not probationary.

The judgment of the City Court of Athens revoking the alleged probationary features of the sentence was therefore error.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*