MORGAN *v.* FOSTER, Sheriff.

HEAD, Justice. 1. "Code § 27-2706 specifically provides that a suspended sentence shall have the effect of placing the defendant on probation as provided by Code § 27-2705." *Lester* v. *Foster*, 207 *Ga.* 596, 598 (63 S. E. 2d, 402). Code § 27-2705 provides: "Every person placed on

probation under the provisions of this law shall, during the term of his release without the confines of the chain gang, jail or other place of detention, observe all rules prescribed for his conduct by the court, report to the probation officer as directed, and maintain a correct life." If the words, "maintain a correct life," are intended to impose any condition upon the defendant over and beyond compliance with the rules prescribed for his conduct by the court, they are too vague, indefinite, and uncertain to be given any construction or application.

2. The present case is controlled by the rulings of this court in *Cross* v. *Huff,* 208 *Ga.* 392 (67 S. E. 2d, 124), wherein it was held: "Where no rules or regulations are prescribed in the alleged suspended or probated sentence, and no violation of a prescribed rule or regulation is alleged, the court is without authority to order the defendant incarcerated upon the theory that he has violated the terms and conditions of a probation sentence." Where no conditions or rules are prescribed by the court for the conduct of the defendant, his release at the direction of the court upon the payment of a fine is not a suspended or probated sentence, but an unconditional discharge. The words, "until further order of the court," appearing in the sentences in the present case, are insufficient to constitute a suspended sentence on probation.

3. Under the foregoing rules, the judge erred in remanding the defendant to the custody of the sheriff.

*Judgment reversed. All the Justices concur.*

No. 17674. Submitted November 14, 1951—Decided January 16, 1952.

*Wesley R. Asinof,* for plaintiff.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, B. B. Zellars, Charles O. Murphy,* and *Frank S. French,* for defendant.

Elza Lee Morgan filed a petition for habeas corpus against A. B. Foster, Sheriff of Fulton County, and alleged: The respondent is illegally detaining the petitioner in the Fulton County jail. The pretense of the illegal detention is by virtue of a bench warrant from the Criminal Court of Fulton County, for the purported offense of violating the terms of suspended sentences in two cases. The purported suspended sentences were based upon two misdemeanor charges in the Criminal Court of Fulton County, wherein the petitioner was sentenced to serve twelve months on the public works and pay a fine of $200, each sentence containing the proviso, "Sentence suspended on payment of fine until further order of the court." Both fines were paid in full and the fines were the only conditions attached to suspending the sentences. The bench warrant is null and void, of no legal effect, and the Criminal Court of Fulton County is without

jurisdiction to require the petitioner to be incarcerated under the sentences in the misdemeanor cases. The sentences have been fully complied with, and the petitioner has not violated any condition that was stated or expressed in the original sentences.

Copies of the two accusations in the Criminal Court of Fulton County, upon which the sentences were based, were attached as exhibits, the accusations charging the defendant with possessing certain brands of alcoholic beverages that did not bear the tax stamps prescribed by the State Revenue Commissioner." The sentences provided that the "defendant pay a fine of $200 including cost of this prosecution, and that the said defendant be put to work and labor on the public works of the County of Fulton, or otherwise, as the commissioners of said county may direct for the space of twelve months. . . Sentence suspended on payment of fine until further order of the court."

The response of the sheriff admitted that the defendant was being held on the bench warrant under the sentences imposed in the misdemeanor cases. It was further alleged that the defendant had not maintained a correct life, in that he had engaged in certain illegal and unlawful acts subsequently to the imposition of the sentences in the misdemeanor cases.

At the conclusion of the hearing, the judge of the superior court remanded the defendant to the custody of the sheriff, and the exception is to that judgment.