## 33885. FOWLER *v.* THE STATE.

CARLISLE, J. Where, on March 29, 1951, in the Superior Court of Bartow County, an accused entered a plea of guilty of the offense of manufacturing whisky, and the court imposed the following sentence, that the accused "do pay, within three days a fine of $301 to include all the costs of the prosecution and serve one month in jail and serve five months in the common jail of said county and twelve months in public-work camp, but said jail and public-work-camp sentence shall be suspended until further order of court and then be discharged," such sentence, upon payment by the accused of the fine imposed, constitutes an unconditional discharge of the accused; for, where no conditions or rules are prescribed by the court for the conduct of the accused, his release at the direction of the court upon payment of the fine is not a suspended or probated sentence, but an unconditional discharge, and the words, "until further order of the court," are insufficient to constitute a suspended sentence (*Morgan* v. *Foster*, 208 *Ga.* 630, 68 S. E. 2d, 583; *Cross* v. *Huff*, 208 *Ga.* 392, 67 S. E. 2d, 124); and it was error to order the purported suspended sentence revoked and the accused incarcerated on September 28, 1951, upon the theory that he had violated the terms and conditions of a suspended or probation sentence.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 8, 1952.

*C. C. Pittman, Jas. B. Langford,* for plaintiff in error.
*Warren Akin, Solicitor-General,* contra.