### 36604. FAVORS *v.* THE STATE.

CARLISLE, J. 1. The rule has been laid down by the Supreme Court, and applied by this court, that sentences for criminal offenses "should be certain, definite, and free from ambiguity; and, where the contrary is the case, the benefit of the doubt should be given to the accused." *Dixon* v. *Baughn,* 149 *Ga.* 86, 87 (99 S. E. 34) ; *Cooley* v. *Dixon,* 149 *Ga.* 506 (101 S. E. 181) ; *Cross* v. *Huff,* 208 *Ga.* 392 (67 S. E. 2d 124) ; *Taylor* v. *State,* 84 *Ga. App.* 852 (67 S. E. 2d 828) ; *Fowler* v. *State,* 85 *Ga. App.* 876 (70 S. E. 2d 599).

2. Under an application of the foregoing principles of law to the facts of the present case, the trial court erred in revoking the purported probation sentence. The defendant was sentenced to pay a fine of $200, including all costs of the prosecution, and to work on the public work camps of Clarke County for the full term of six months. The only proviso for turning the defendant over to the board of commissioners of roads and revenues of the county was the defendant's failure to pay the fine and costs of the prosecution. While the sentence provided further that upon payment of the fine, the six months were to be served outside the public works camp on probation

until further order of the court, provided the defendant did not violate State, Federal, or municipal laws, construed as a whole, it is clear that the sentence was an alternative one and that the defendant was to be discharged upon payment of the fines and costs.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 15, 1957.

*Guy B. Scott, Jr.,* for plaintiff in error.

*Preston M. Almand, Solicitor,* contra.

On September 28, 1956, Willie Robert Favors entered a plea of guilty to an accusation charging him with the offense of driving under the influence of intoxicating liquors, and the Judge of the City Court of Athens imposed upon him the following sentence: "Whereupon it is considered and adjudged by the court that the said defendant . . . do pay a fine of $200, including all costs of this prosecution and that, it is ordered by the court that the said defendant do work in the public work camps of Clarke County for the full term of six months to be computed from this date; . . . in case said defendant fails to pay said fine and costs, within three days from this date, it is ordered by the court, that defendant be turned over to the board of commissioners of roads and revenues of this county, who are required to deal with and dispose of said defendant according to this sentence. Upon payment of the fine, the six months to be served outside said jail and/or probation until further order from this court; provided the defendant does not violate any State, Federal, or municipal law. Driver's license suspended for six months from September 22, 1956."

On January 9, 1957, the Judge of the City Court of Athens ordered the defendant arrested and brought before the court. After hearing the evidence, from which the court was authorized to find that the defendant had been seen driving an automobile upon the public streets of Athens during the time his driver's license was suspended, the trial court ordered the defendant's sentence revoked, and the defendant assigns error here upon that judgment.