38648, 38718. KING v. THE STATE (two cases).

DECIDED MARCH 7, 1961.

274

D. L. Hollowell, Horace T. Ward, for plaintiff in error.

Jack Bryan Smith, Solicitor, John R. Thompson, Assistant Solicitor, contra.

TOWNSEND, Presiding Judge. ■ "If a verdict, when construed with the indictment, does not find the defendant guilty of any offense, the judgment should be arrested; but where, regardless of the denomination of the offense, the allegations of the indictment charge, even imperfectly, a violation of the law, which can be plainly understood by the jury, and a verdict finding the defendand guilty can not be ignored without violating the rules of common sense, sentence should be pronounced upon the finding." Lanier v. State, 5 Ga. App. 472, 476 (63 S. E. 536); Rumph v. State, 60 Ga. App. 689 (4 S. E. 2d 673). "A plea of guilty is a

conviction of the highest order and waives all defenses other than that the indictment charges no crime." *Rowland v. State,* 72 Ga. App. 793, 799 (35 S. E. 2d 372). After conviction, an indictment will be construed most strongly in favor of the State. *Lewis v. State,* 55 Ga. App. 743 (191 S. E. 278). It follows that the accusation in this case is not void because it charged the defendant with failure to have in his possession "a *correct* driver's license as issued by the Department of Public Safety of said State," whereas the wording of *Code Ann.* § 92A-9904 makes it a misdemeanor to operate an automobile on the public roads of this State "without first obtaining a license under the provisions of Chapter 92A-4", which chapter provides for issuance of licenses on forms furnished by the Director of Public Safety (*Code Ann.* § 92A-410) and makes it unlawful to operate a motor vehicle without carrying such license upon one's person (*Code Ann.* § 92A-414). The inclusion of the word "correct" is either surplusage or a mere defect of form; where, as here, there was no demurrer to the accusation, and a plea of guilty was entered, it cannot be said after judgment that the accusation failed to charge an offense against the laws of the State. Not being void, the objection to its form made after conviction comes too late.

■ It is further contended that the sentence was an alternative sentence which was discharged on payment of the fine of $25, under the rulings in *Cross v. Huff,* 208 Ga. 392 (67 S. E. 2d 124), *Scott v. State,* 84 Ga. App. 851 (67 S. E. 2d 829), *Taylor v. State,* 84 Ga. App. 852 (67 S. E. 2d 828), and *Favors v. State,* 95 Ga. App. 318 (97 S. E. 2d 613). The *Scott* and *Taylor* cases were controlled by the *Cross* case, the ruling in which was predicated on the fact that the sentence contained no terms of probation on which a revocation had been based, and the court observed (p. 397): "Had the alleged probation sentence contained even the admonition to 'go and sin no more' (John 8:11), the sentence might be subject to construction. But courts cannot construe that which does not exist. . . In the present case, the defendant did not violate the conditions of his probation, since no conditions were imposed." The remaining case, *Favors v. State,* did contain terms of probation, but "the only proviso for turning the defendant over to the board of

commissioners of roads and revenues of the county was the defendant's failure to pay the fine and costs of the prosecution"; accordingly, when his fine was paid, this amounted to a discharge. The particular language in each of those cases created an ambiguity which, construed in favor of the prisoner's liberty, was held to render it an alternative sentence dischargeable on payment of the fine. No such ambiguity exists here, and this assignment of error is without merit.

■ Under *Code Ann.* § 92A-9904 the offense of operating a motor vehicle without a license is a misdemeanor punishable "by the imposition of a fine not to exceed $50, including costs, imprisonment not to exceed six months, to work on the . . . public works as the County or State authorities may employ . . . not to exceed six months, any one or more of these punishments in the discretion of the judge." The punishment is less than that usually permissible in misdemeanor cases, and the offense was accordingly denominated a limited misdemeanor in *Cooper v. Lunsford,* 203 Ga. 166 (45 S. E. 2d 395). While under the terms of the statute the judge could have sentenced the defendant to imprisonment for six months, and to work on the public works for six months, he could not sentence the defendant to work on the public works for twelve months, this being an excessive punishment for the offense committed. In a misdemeanor case, the sentence is illegal if the term of imprisonment is greater than the maximum provided by the statute, but this does not render the judgment void; the proper procedure is to return the defendant to the court to be sentenced in accordance with the law. *Hathcock v. State,* 88 Ga. 91 (5) (13 S. E. 959); *Screen v. State,* 107 Ga. 715 (33 S. E. 393). A plea of guilty by the defendant appearing in the record, he cannot be discharged, although the sentence is a nullity, but a legal sentence may be imposed. *Morris v. Clark,* 156 Ga. 489 (119 S. E. 303) and citations; *American Surety Co. of N. Y. v. State of Georgia,* 50 Ga. App. 777 (1) (179 S. E. 407); *Heard v. Gill,* 204 Ga. 261 (49 S. E. 2d 656); *Jackson v. Lowry,* 171 Ga. 349 (1) (155 S. E. 466); *Potter v. State,* 35 Ga. App. 248 (1) (132 S. E. 783); *Hollis v. State,* 48 Ga. App. 672 (4) (173 S. E. 179); *Elzie v. State,* 21 Ga. App. 501 (94 S. E. 627).

Nothing to the contrary was held in *Mathis v. Scott,* 199 Ga. 743 (35 S. E. 2d 285), where the sentence was not excessive and only the place of imprisonment was involved. And, where a part of a sentence is legal and another part illegal, only that part which is legal can be given effect. *Cook v. Jenkins,* 146 Ga. 704 (92 S. E. 212). The assignment of error contending that the sentence is illegal in that the imprisonment feature thereof was excessive is well taken. However, the judgment of conviction based on the plea of guilty is valid and must be affirmed. The case is therefore remanded with direction that, as to this part of the sentence, the defendant be resentenced in accordance with *Code Ann.* § 92A-9904.

■ Since the sentence as originally entered was, as to that part of it relating to imprisonment, illegal and therefore a nullity, it could not be enforced by any subsequent order such as that passed revoking its probationary feature. The probationary feature of the sentence being void, the defendant was not under probation at the time he allegedly committed the crime for which the purported probationary sentence was sought to be revoked. Accordingly, no probationary sentence may be revoked for the commission of this crime. The judgment of revocation in case No. 38718 is reversed. This reversal renders moot all issues raised, or which might have been raised, in respect to the transaction upon which the order of revocation was based. Case No. 38648 is affirmed and remanded with direction that the defendant be resentenced in accordance with the provisions of *Code Ann.* § 92A-9904.

*Judgment reversed in case No. 38718. Judgment affirmed with direction in case No. 38648. Carlisle, Frankum and Jordan, JJ., concur.*