## 42109.   WYATT v. THE STATE.

Deen, Judge. 1. Where a defendant is erroneously sentenced under the Indeterminate Sentence Act, and a part of the sentence is illegal as being less than that provided by law, the sentence is a nullity, but the defendant will not as a result

thereof escape punishment, the proper method being for the trial court to call the prisoner again before him and pronounce a proper and legal sentence. *Morris v. Clark,* 156 Ga. 489 (119 SE 303); *Whittle v. Jones,* 198 Ga. 538, 545 (32 SE2d 94); *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656).

2. Where, due to clerical error on the part of the clerk of the court and inadvertence on the part of the judge in signing the paper without discovering the error, a sentence is in part illegal, the court may, after notice and opportunity to be heard on the part of the defendant, order the error corrected. *Pulliam v. Jenkins,* 157 Ga. 18 (121 SE 679); *Code* § 81-1205.

3. (a) In the present case the defendant pleaded guilty to two felonies. Under the first, committed February 9, 1964, the defendant was properly sentenced under the Indeterminate Sentence Act. The second offense, which is here involved, was committed August 5, 1964, subsequent to Ga. L. 1964, pp. 483, 484 (*Code Ann.* § 27-2502) providing that "In cases of pleas of guilty, the judge, and not the jury, shall prescribe a determinate sentence for such specific number of years as he may see fit: Provided, that after the term of court at which sentence is imposed, the superior court judges shall have no authority to suspend, probate, modify or change the sentences of said prisoners except as otherwise provided." The court on September 16, 1964, entered up sentence of "not less than 3 years, and not more than 5 years to be computed according to law, to serve 1 year, balance suspended; the above sentence to follow sentence in" the first case. Thereafter, on March 25, 1966, he entered an order correcting the record nunc pro tunc which, after reciting these facts, directed that "the said record of the sentence of said defendant be corrected so as to eliminate reference to a maximum of 5 years, and so as to read that said defendant is sentenced to a term in the Georgia penitentiary of 3 years, to serve one year and balance suspended, and to follow the sentence" under the companion indictment. As proof that a clerical error had been committed the order further recited that the order as corrected was in fact the order transmitted by the clerk of court to the Georgia Board of Corrections, and that only the sentence of record in the court contained the language "3 to 5 years" under the old law instead of "3 years" under the Determinate Sentence Act.

(b) The general rule is that if a sentence is legal in part and illegal in part, and the one may be separated from the other, that which is legal will be enforced and that which is illegal will be ignored. 24 CJS 576, Criminal Law, § 1584; Sprague v. Aderholt, (D.C. Ga.) 45 F2d 790. If this sentence, being as it appeared on the court records illegal in form, was absolutely void, then the court should have resentenced the defendant and the sentence entered on March 25, 1966, would have been a legal and proper sentence. If the error was merely clerical in nature and did not follow the oral sentence pronounced by the court at the time, then the order as entered nunc pro tunc is a valid and proper sentence. Error is not urged either on the ground that the second order was passed in the defendant's absence or that it did not follow the oral pronouncement of sentence made in his presence (in which connection see *Fleming v. State*, ante). Therefore, whether the order be considered as a valid sentence passed in the stead of an invalid one, or as a correction of a clerical error, the defendant, who suffered no harm from the imposition of a 3-year rather than a 3- to 5-year sentence has not been injured and indubitably has no cause for complaint.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED JUNE 8, 1966—DECIDED JUNE 22, 1966.

Fred Andrew Wyatt, *pro se, William T. Brooks*, for appellant. *Lewis Slaton, Solicitor General, J. Walter LeCraw, Arthur K. Bolton, Attorney General*, for appellee.