26186.   YOUNG v. GRIFFIN et al.

FELTON, Justice. William Jerome Young was serving a criminal sentence in the State of Virginia when he was paroled by that State on May 2, 1968. Under the Interstate Parole and Probation Compact between Georgia and Virginia, the appellant was permitted to serve his probation in the State of Georgia. As a condition upon which he was permitted to serve his probation outside the State of Virginia, the appellant was required to sign a waiver of extradition. Upon being arrested in Georgia on a warrant issued by the State of Virginia, appellant filed a petition for the writ of habeas corpus in the State Court of Chatham County, Georgia, attacking the validity of his detention on the ground that the agreement to waive extradition was procured by duress and he was thus denied due process rights under the State and Federal Constitutions.

"Service of a sentence on probation is conferred as a privilege . . . ; and cannot be demanded as a matter of right." *Cross v. Huff,* 208 Ga. 392, 396 (67 SE2d 124); 24 CJS 879, Criminal Law, § 1618(5). It follows that the probating authority may impose reasonable restrictions and conditions upon an individ-

ual as a prerequisite for being granted this privilege, and if the individual accepts the conditions, he is bound thereby. 24 CJS 889, Criminal Law, § 1618(8).

This court has no jurisdiction over the revocation of a parole by another State as to a question involving the merits of the revocation. We therefore cannot consider whether the parole of appellant was unjustly revoked because of a mere technical violation of the parole by a failure to report at a required interval when the appellant was otherwise behaving, had a job and was supporting his wife, one child and several step-children.

Under the circumstances, the trial judge did not err in denying the application for the writ of habeas corpus and in remanding the prisoner to the appellees.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 10, 1970—DECIDED JANUARY 7, 1971.

*Edward J. Goodwin,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellees.