## 50189. MULLINS v. THE STATE.

DEEN, Presiding Judge.

1. A sentence entered in a criminal case which is unauthorized by law is a nullity and void. *Heard v. Gill,* 204 Ga. 261 (49 SE2d 656); *Morris v. Clark,* 156 Ga. 489 (119 SE 303); *Wyatt v. State,* 113 Ga. App. 857 (149 SE2d 837); *Reynolds v. State,* 132 Ga. App. 89 (207 SE2d 630). Where the sentence is void, a valid sentence may be imposed by the court, until which time the defendant stands as though convicted but not sentenced. This is why, although a judge cannot modify a sentence after the term in which it is rendered, he may resentence him, where the original sentence was illegal, at any time. *Bradshaw v. State,* 132 Ga. App. 363 (4) (208 SE2d 173); *Wade v. State,* 231 Ga. 131, 133 (II) (200 SE2d 271). The trial court here had no right to "amend" the original sentence which, being for a term of years unauthorized by law, was void, but he could call the defendant in for proper sentencing.

2. Code § 27-1404 provides that if a defendant plead guilty "the court shall pronounce upon such prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of a jury; but, at any

time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such former plea shall not be given in evidence against him on his trial." The word "judgment" in this context means "sentence" and obviously refers to a valid one. The defendant here, who had originally plead guilty, attempted by written motion to withdraw such plea prior to the resentencing procedure. The trial court refused to allow him to do so, holding that he was entering up the order "nunc pro tunc" as of the date of the original sentence. This he could not do for two reasons: The sentence being void, there was nothing to amend by; and, the term having passed, he had no authority to modify the sentence in any event.

3. A habeas corpus to set aside the original sentence was apparently heard and sustained. We decide this case without reference thereto for the reason that the order does not appear in the record, either in this court or the trial court.

The trial court erred in refusing to allow the defendant to withdraw his plea of guilty prior to the resentencing procedure.

*Judgment reversed. Evans and Stolz, JJ., concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED FEBRUARY 20, 1975 — REHEARING DENIED MARCH 11, 1975.

*James C. Bonner, Jr., Thomas M. West,* for appellant.

*George W. Darden, District Attorney, B. Wayne Phillips, Assistant District Attorney,* for appellee.